said Cooley and all parties claiming under them or either of them be perpetually enjoined and restrained from enforcing the same as against the said Van Dusen and his rights and interests.'

The order appealed from is therefore reversed, and order granted as above suggested, with ten dollars costs of Special Term, and ten dollars costs and disbursements on appeal to Van Dusen against the defendant Cooley."

*R. A. Stanton,* for Van Dusen, appellant. *Isaac S. Newton,* for plaintiff, respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with ten dollars costs and printing, and order granted with ten dollars costs to Van Dusen against Cooley, as per memorandum of BOARDMAN, J.

---

MYRON SPICKERMAN, RESPONDENT, *v.* HENRY W. CLARK AND JOSEPH COPELAND, APPELLANTS.

*Evidence — opinion of witness — when admissible.*

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried. This action was brought to recover damages for injuries sustained by the plaintiff, in consequence of a collision between the tug-boat E. D. Beach, upon the plaintiff, who was at the time employed as engineer, and the boat Charles E. Madden, then owned and operated by the defendants. The only question of interest passed upon by General Term is contained in the following portion of the opinion :

" The only questions for us arise on the admission of evidence. A witness who had had experience in the management of boats, testified that from what he saw of the occurrence and from his knowledge and skill, he was able to form an opinion whether or not the Madden, by proper care, could have avoided the collision. He was then asked whether in his judgment the collision could have been avoided, by the parties on the Madden using proper care

and caution. This was objected to by the defendants and was admitted.

In *Walsh* v. *Wash. Ins. Co.* (32 N. Y., 443), it was said to be admissible for the master of a vessel to testify to what its loss was attributable. So, in collisions of vessels, a nautical witness may testify whether in his opinion a collision could have been avoided by proper care on the part of the captain. (*Fennick* v. *Bell*, 1 C. & K., 312.) The rule, as laid down in Powell's Evidence, is that the opinions of skilled or scientific witnesses are admissible evidence to elucidate matters which are of a strictly professional or scientific character. And whether it would be possible for a boat to avoid a collision is a question which certainly involves much professional knowledge. No objection was taken, that the question should .have been restricted to the ability to avoid the collision, after the persons on the Madden knew, or might have known, of the danger."

*Robertson & Foster*, for the appellant. *O. A. Martin*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment and order affirmed with costs.

---

CHARLES HAWLEY, RESPONDENT, *v.* WILLIAM HATTER, APPELLANT.

*Improper evidence — admission of, on trial at law — although result may not be changed by it — new trial granted.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The court at General Term say :

" We are satisfied with the report of the referee in this case. It is sustained by the evidence, and appears to be just. We should affirm the judgment without hesitation, were it not for the error in admitting proof of an offer by the defendant to compromise the claim. This evidence was inadmissible, and might *possibly* have affected the result. We do not think that it did in fact. But the rule has been repeatedly laid down that a new trial must be